FRUGÉ, Judge.
This is a custody proceeding whereby Henry and Nancy Jaubert seek the return of their two minor children, Henry Melroy Jaubert, Jr. and Henry Charles Jaubert from Sterling and Jean Miller, in whose custody the children now are. The lower court decided that the custody of the children should be given to the plaintiffs, but delayed their return until the outcome of this appeal in order to eliminate the possibility of more than one move by the children. From this judgment, the defendants have effected this devolutive appeal.
Henry and Nancy Jaubert are legally married and have four children, two girls and two boys, one boy four years old, and the other, three years old. Following their marriage, and because Mr. Jaubert was a construction worker, the couple lived in Indiana, Texas and Florida, these moves being necessitated by Mr. Jaubert’s search for employment. While living in Florida, Henry Jaubert was convicted of breaking and entering and was sentenced to serve fourteen months in the Florida State Penitentiary. After this conviction and sentence, Mrs. Jaubert and the children returned to Lake *494 Charles, where she lived for a time with Mrs. Jaubert’s mother and stepfather. She then moved into a small house where she lived alone with her four children. During this period, she was employed as a barmaid and other similar work. While working, she left the children with a neighbor whom she paid to care for them. About this time, Mrs. Jaubert was charged with criminal neglect of her children (to which charge she pleaded guilty), was given a suspended sentence, and was placed on probation for three and one-half years.
Because Mrs. Jaubert was unable to care 'or the four children herself, she permitted iirs. John Riggs of Jennings to take custo- ■■ of them. Mrs. Jaubert, however, signed no papers waiving any of her parental rights to the children. It was at this time that Mrs. Riggs notified the Millers, defendants here, that she had four children in her custody, as she knew the Millers had been wanting to adopt some children. The defendants took the two girls first; but, after realizing that the girls were older than they wished, instead they took the two younger boys. The two girls were placed in a Catholic school in Lafayette.
After the boys were in the Millers’ home for a while, the Millers petitioned the district court and obtained an ex parte order in July of 1966 granting them provisional custody of the two children. Neither Mr. nor Mrs. Jaubert were ever notified of these proceedings or were served with any papers pertaining to the same.
Meanwhile the mother left Lake Charles and resided out of state for a period of about a year; and the father, still in prison, executed a power of attorney in favor of his sister and her husband, Mr. and Mrs. William E. Me Ward, who resided in Mississip- ' pi, giving them full authority to care for the two boys until his release from prison, at which time he intended to regain their custody. However, Mr. and Mrs. McWard were refused custody of the children by the Louisiana Welfare Department because they were living out of state at the time.
Henry Jaubert did not learn of the ex parte custody proceedings until after he was released from the penitentiary in Florida and returned to Lake Charles. Upon his return here, he and his wife were reunited and they resumed their marital relationship. Mr. Jaubert is now gainfully employed and is in the process of purchasing a house in which he intends he and his full family will reside. Mrs. Jaubert is taking religious instruction and also attending classes at Mc-Neese State College in Lake Charles in an effort to learn to read and write. Both Mr. and Mrs. Jaubert have expressed an honest desire to have their whole family reunited.
The two girls who had been in a Catholic school in Lafayette were to return to Mr. and Mrs. Jaubert at the end of that school term; and these proceedings were brought in order to obtain from the Millers the custody of their two boys.
The trial court found that Mr. Jaubert had not forfeited his parental rights to his children, more specifically, the two sons, since he knew nothing of the ex parte court order nor had he in any way consented to the boys’ being permanently taken from his custody, as evidenced by the terms of the power of attorney which he executed while in prison. The court; without determining whether or not Mrs. Jaubert had ever forfeited her parental rights, found that she had mended her ways and is now leading a much more stable life. Under these circumstances the trial court ruled in favor of Mr. and Mrs. Jaubert, returning the custody of their two sons to them.
The question for our determination is more one of fact than one of law. As stated in State ex rel. Martin v. Garza, 217 La. 532, 46 So.2d 760 (1950):
“In such cases the sole question for the court’s consideration is whether the parent by his or her conduct forfeited his or her parental right to the child, for it is the well settled jurisprudence of this state that the courts are not authorized to interfere with a parent’s authority over his *495 or her children, except if the court is satisfied that he, or she, will neglect them, or expose them to improper influences, in which case the paramount interest which society has in seeing to it that they be well taken care of and properly brought up would justify the court in making some other disposition of them.”
The evidence is insufficient to establish that Mrs. Jaubert intended to permanently relinquish her parental right and custody of the children. For a period of time after her husband’s incarceration Mrs. Jaubert tried to provide for herself and her children, but having very little education, thereby rendering her unable to find an adequate job, she was virtually compelled through circumstances to allow another to care for the children until her situation would be improved. There is even less reason for concluding that Mr. Jaubert had forfeited his parental right to custody of the children in this case.
The determination of the instant case is largely controlled by the cases of Mouton v. St. Romain, 153 So.2d 890, La. App. 3rd Cir. (1963), affirmed, 245 La. 839, 161 So.2d 737 (1964); State ex rel. Rothrock v. Webber, 245 La. 901, 161 So.2d 759 (1964). In both of these cases the courts recognized the parents’ paramount right to the custody of their children where there was no showing that the parents would neglect them or expose them to improper influences. In such instances, the presumption is that the child’s best welfare is with his parents. Although there were dissents filed in the above cited cases, we feel that the facts of the instant case are even stronger in some regards in favor of the parents than those of the above two cases. Further, the dissents in each of those cases hinged upon the dissenters’ belief that the parents had forfeited their parental rights, thereby allowing the State full discretion to award custody of the children to other persons in the best interests and for the welfare of the children.
Since we, as well as the trial court, have found no forfeiture of parental rights in the instant case, we must conclude that the parents, Mr. and Mrs. Jaubert, are entitled to regain the custody of their two boys presently living with the defendants, Mr. and Mrs. Miller. There is no showing that the children would be subject to neglect or exposure to improper influences were they permitted to return to their natural parents.
The evidence discloses that for two months before these proceedings, Mr. and Mrs. Jaubert have been living together as husband and wife, and that they are sincerely seeking to better themselves and to provide a comfortable, moral and stable home for their children. As stated by this court in Mouton v. St. Romain, supra, “it would certainly be preferable if plaintiff had demonstrated a longer period of fitness and stability [before initiating these proceedings]. * * * But on the other hand, if the custody of the child is to be changed it should be done as soon as possible while the child is still of tender years.”
This being a custody proceeding, the ability to have the fitness of the parents, Mr. and Mrs. Jaubert, relative to the rearing of their children redetermined at a later date always remains open. But until such time that it is found that they are neglecting the children or exposing them to bad influences, their right to the custody of their children must be recognized.
For the foregoing reasons, the judgment of the trial court is affirmed and it is hereby ordered that the two children, Henry Melroy and Henry Charles Jaubert, presently in the custody of Mr. Sterling Miller and Mrs. Jean Miller, should be returned to the plaintiffs, Henry and Nancy Jaubert, after all proceedings in this numbered suit are finally concluded.
Affirmed.